UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ecolab Inc.,

    Plaintiff,

v.                                                                          Case No. 14-cv-495 (JNE/SER)
                                                                          ORDER

Gurtler Chemicals, Inc.,

    Defendant.

This action is before the Court on Gurtler Chemicals, Inc.'s Motion for an Award of Attorney's Fees.  *See* 35 U.S.C. § 285 (2012).  For the reasons set forth below, the Court denies the motion.

In February 2014, Ecolab Inc. sued Gurtler Chemicals for infringement of U.S. Patent No. 6,262,013.  Ecolab refrained from serving Gurtler Chemicals while the parties engaged in settlement discussions.  No settlement was reached.  In June 2014, Ecolab served Gurtler Chemicals.  In August 2014, the pleadings were closed, and a pretrial scheduling conference was scheduled to take place in October 2014.

One day before the pretrial scheduling conference, Gurtler Chemicals filed a request for ex parte reexamination of the '013 Patent with the U.S. Patent and Trademark Office ("PTO").  The pretrial scheduling conference took place as scheduled.  Gurtler Chemicals moved to stay this action approximately one week later.  Ecolab opposed the motion.

1

In November 2014, the magistrate judge deferred issuance of a pretrial scheduling order to the later of the PTO's decision on the request for reexamination or the resolution of the motion to stay.  The magistrate judge heard the motion to stay in December 2014.

Concluding that a substantial new question of patentability for each claim of the '013 Patent exists, the PTO granted the request for reexamination later in December 2014.  In March 2015, the magistrate judge denied the motion to stay, and the PTO issued an office action that rejected each claim of the '013 Patent.

In April 2015, the Court stayed the action.  The stay essentially remained in place until February 2019, when the Court dismissed the parties' claims based on Ecolab's motion to dismiss.  During the reexamination of the '013 Patent, all claims were rejected.[1]

After the dismissal of the parties' claims, Gurtler Chemicals moved for an award of attorney's fees under 35 U.S.C. § 285, which states that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."  It is undisputed that Gurtler Chemicals is the prevailing party.  *See Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1035-36 (Fed. Cir. 2006).  Gurtler Chemicals asserted the case is exceptional.  Ecolab maintained it is not.

"[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing

---

[1]   In April 2016, Gurtler Chemicals filed a second request for ex parte reexamination of the '013 Patent.  The next month, the PTO granted the request.  Later, the PTO merged the two reexamination proceedings into a single proceeding.

law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). No precise rule or formula exists to determine whether a case is exceptional. *Id.* Potential considerations include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)). Rejecting the Federal Circuit's "overly rigid" formulation, the Court stated that "a district court may award fees in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees" and that "a case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id.* at 555.

Gurtler Chemicals asserted that the case is exceptional because (1) Ecolab's litigating position was exceptionally weak, (2) there is ample evidence of inequitable conduct, and (3) Ecolab kept the case "hanging over Gurtler for as long as possible." Gurtler Chemicals requested an award of attorney's fees and costs of $196,194.10.

Ecolab maintained Gurtler Chemicals failed to demonstrate that this case is exceptional. Ecolab asserted that its litigating position was not exceptionally weak, that it did not engage in inequitable conduct, and that nothing about the timing of the reexamination proceedings renders the case exceptional. Ecolab asserted that Gurtler

Chemicals' claim for attorney's fees is "facially unreasonable." If attorney's fees are awarded to Gurtler Chemicals, Ecolab requested "limited further briefing as to Gurtler's calculation."

*Ecolab's litigating position*

Gurtler Chemicals asserted that Ecolab's litigating position was exceptionally weak based on a German patent, which is cited by the '013 Patent; Ecolab's statements about the German patent to the European Patent Office ("EPO") during the prosecution of a counterpart patent application; and Ecolab's decisions to amend its claims instead of arguing their validity in the face of rejections by the EPO and the PTO based on the German patent. When Ecolab brought this action against Gurtler Chemicals, the '013 Patent was presumed valid. *See* 35 U.S.C. § 282(a) (2012). "Having been issued a valid patent, [Ecolab] was entitled to a presumption of good faith in asserting its patent rights against [Gurtler Chemicals] in the form of a suit for infringement." *Stone Basket Innovations, LLC v. Cook Med. LLC*, 892 F.3d 1175, 1180 (Fed. Cir. 2018). The German patent is listed on the face of the '013 Patent, and "when prior art 'is listed on the face' of a patent, 'the examiner is presumed to have considered it.'" *Id.* at 1179 (quoting *Shire LLC v. Amneal Pharm., LLC*, 802 F.3d 1301, 1307 (Fed. Cir. 2015)); *see Semiconductor Energy Lab. Co. v. Samsung Elecs. Co.*, 204 F.3d 1368, 1377 (Fed. Cir. 2000) ("[W]hile the examiner's initials require that we presume that he or she considered the Canon reference, this presumption extends only to the examiner's consideration of the brief translated portion and the concise statement."); *cf. Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs., Inc.*, 858 F.3d 1383, 1388 (Fed. Cir. 2017)

4

("It is unclear how Rothschild's counsel and founder could reasonably believe that claim 1 is valid if neither analyzed the purportedly invalidating prior art provided by ADS."). Ecolab's statements to the EPO and the PTO and its decisions to amend in the face of rejections based on the German patent do not render the case exceptional. *See Heidelberger Druckmaschinen AG v. Hantscho Commercial Prods., Inc.*, 21 F.3d 1068, 1072 n.2 (Fed. Cir. 1994) ("The weight that the district court appeared to place on the European examiner's rejection was not appropriate. We take notice of the fact that the theories and laws of patentability vary from country to country, as do examination practices."). Ecolab could have anticipated a challenge to the validity of the '013 Patent when it sued Gurtler Chemicals. But "a strong or even correct litigating position is not the standard by which [a court] assess[es] exceptionality." *Stone Basket Innovations*, 892 F.3d at 1180. Ecolab's litigating position was not so weak as to be exceptional.

*Evidence of inequitable conduct*

"Inequitable conduct is an equitable defense to patent infringement that, if proved, bars enforcement of a patent." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1285 (Fed. Cir. 2011) (en banc). "To prevail on the defense of inequitable conduct, the accused infringer must prove that the applicant misrepresented or omitted material information with the specific intent to deceive the PTO." *Id.* at 1287.

Although Gurtler Chemicals maintained that there is ample evidence of inequitable conduct, it did not seek a finding of inequitable conduct. It did not address whether Ecolab acted with the specific intent to deceive the PTO. *See id.* at 1290. Accordingly, the Court has no occasion to consider "the evidentiary standard that governs

5

inequitable conduct determinations in the § 285 context," *In re Rembrandt Techs. LP Patent Litig.*, 899 F.3d 1254, 1272 (Fed. Cir. 2018), let alone determine whether Ecolab engaged in inequitable conduct. The Court considers the evidence proffered by Gurtler Chemicals as part of the totality of the circumstances.

Gurtler Chemicals maintained that Ecolab attempted to hide the full disclosure of the German patent from the PTO. According to Gurtler Chemicals, Ecolab mischaracterized the German patent in the '013 Patent; failed to disclose reports received from the EPO in the prosecution of the counterpart patent application to the PTO during the prosecution and reexaminations of the '013 Patent; disclosed only a translation of the German patent's abstract to the PTO during the prosecution of the '013 Patent; disclosed a translation of an application related to the German patent with 170 references instead of disclosing a computer-generated English translation of the German patent received from Gurtler Chemicals to the PTO during the first reexamination; and disclosed "the full teachings" of the German patent to the PTO after the PTO granted Gurtler Chemicals' second request for reexamination.

The Court discerns no basis to find this case exceptional in Gurtler Chemicals' assertion that Ecolab attempted to hide the full disclosure of the German patent from the PTO. Ecolab disclosed the German patent to the PTO during the prosecution of the '013 Patent in the manner prescribed by federal regulations, *see* 37 C.F.R. §§ 1.56, 1.97, 1.98 (1999); *see* Manual of Patent Examining Procedure § 609 (7th ed. July 1998) ("Submission of an English language abstract of a reference may fulfill the requirement for a concise explanation."), and Ecolab did not effectively fail to disclose the patent. *See*

6

*Semiconductor Energy Lab.*, 204 F.3d at 1376-77.  There is nothing exceptional about the alleged failures to disclose the EPO reports to the PTO.  *See ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 547 (Fed. Cir. 1998) ("Although international search reports may contain information material to patentability if they contain closer prior art than that which was before the United States examiner, it is the reference itself, not the information generated in prosecuting foreign counterparts, that is material to prosecution in the United States.  The details of foreign prosecution are not an additional category of material information."); *Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1180 (Fed. Cir. 1995) ("[T]he court was mindful of the risk in relying on foreign patent prosecution in light of differences in disclosure requirements, claim practice, form of application, and standard of patentability."); *Heidelberger Druckmaschinen*, 21 F.3d at 1072 n.2.  Nor is there anything exceptional about Ecolab's characterization of the German patent in the '013 Patent.  *See Rothman v. Target Corp.*, 556 F.3d 1310, 1328-29 (Fed. Cir. 2009) ("While the law prohibits genuine misrepresentations of material fact, a prosecuting attorney is free to present argument in favor of patentability without fear of committing inequitable conduct.").  And there is nothing exceptional about Ecolab's disclosure of the German patent during the reexaminations.  *Cf.* 37 C.F.R. § 1.555(b) (2018) ("[I]nformation is material to patentability in a reexamination proceeding when it is not cumulative to information of record or being made of record in the reexamination proceeding ….").

Gurtler Chemicals also maintained that "Ecolab failed to disclose numerous other material references" to the PTO during the prosecution of the '013 Patent.  According to Gurtler Chemicals, U.S. Patent No. 5,200,189, U.S. Patent No. 5,437,868, U.S. Patent

7

No. 4,051,059, and WO 95/28471 "are material references … based on the USPTO indicating that each raised a substantial new question of patentability" to the '013 Patent's claims; "these material references were known to persons at Ecolab but were never disclosed to the USPTO by Ecolab"; and the '013 Patent's claims were rejected based on the '189 Patent.  Ecolab responded that the '059 Patent and WO 95/28471 are not material because neither was "used alone or in combination as any part of the combinations used to reject the claims"; that the '059 Patent is cumulative to references cited in the '013 Patent; that WO 95/28471 is directed to compositions used for sanitization during washing of tableware and kitchenware; and that "cleaning and sanitizing hard surfaces presents entirely different cleaning conditions than those used for fabrics."  Ecolab asserted that it consistently argued that the '868 Patent, which is a continuation-in-part of the '189 Patent and contains similar disclosures, is not material because it is "largely directed to cleaning and sanitizing *hard surfaces*, not laundry."  Although it appears Ecolab should have disclosed at least some of the references identified by Gurtler Chemicals to the PTO during the prosecution of the '013 Patent, *see Aventis Pharma S.A. v. Hospira, Inc.*, 675 F.3d 1324, 1334 (Fed. Cir. 2012), Ecolab's failure to do so does not present exceptional circumstances considering what the references emphasize and what Ecolab did disclose.

*Protracted proceedings*

Gurtler Chemicals asserted that Ecolab drew "out the reexaminations and refus[ed] to dismiss this case until as late as possible to improperly use this case as a means to inflict harm on its competitor."  According to Gurtler Chemicals, Ecolab did not take

8

action to expedite the reexaminations notwithstanding Ecolab's repeated complaints of undue prejudice from a stay pending reexamination. There is nothing exceptional Ecolab's assertion of undue prejudice from a stay pending reexamination. Nor is there anything exceptional about Ecolab availing itself of the time allotted to respond to the PTO during the reexaminations or the opportunity to request additional time. The Court discerns nothing exceptional about the progress of this action or the reexaminations.

*Conclusion*

"The Court has cautioned that fee awards are not to be used 'as a penalty for failure to win a patent infringement suit.'" *Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 858 F.3d 1371, 1376 (Fed. Cir. 2017) (quoting *Octane Fitness*, 572 U.S. at 548). Considering the totality of the circumstances, the Court discerns nothing about this case that stands out from others with respect to the substantive strength of Ecolab's litigating position or the manner in which the case was litigated. The Court does not find the case to be exceptional. The Court therefore denies Gurtler Chemicals' motion.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Gurtler Chemicals' Motion for an Award of Attorney's Fees [Docket No. 77] is DENIED.

Dated: August 13, 2019

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge